IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RECEIVED
NOV 28 2016
CLERK, U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

| | |
|---|---|
| JEREMY NED <br> Plaintiff <br><br> vs. <br><br> JOHN DOE (1), WARDEN AND <br> J. KARDIN, ASST. WARDEN <br> (3) S. ECKENRODE, OFFICER, <br> (4) J. MILLER LIEUTENANT. <br> ALL EMPLOYEES AT FCI LORETTO <br> ET., AL., DEFENDANTS, <br> JURISDICTION & VENUE | PLAINTIFF'S AMENDED <br> CIVIL RIGHTS COMPLAINT <br> PURSUANT TO 28 U.S.C. <br> SEC 1331 AND 42 U.S.C. <br> SEC 1985, 1986, 1988 <br> CIV. NO. 3-CV-231-KRG |

1. This is a Civil Action authorized by 28 U.S.C. section 1331 to redress the deprivation, under Color of Federal Law, of rights secured by the Constitution of The United States. The Court has jurisdiction under 28 U.S.C. Section 1331. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Also Jurisdiction fixed by 18 U.S.C. Sec 4042, Duty of Care owed by The Bureau of Prisons to federal prisoners and 42 U.S.C. Sec. 1985, 1986.

2. The Western District of Pennsylvania is an appropriate venue under 28 U.S.C. Section 1391 (b) (2) because it is where the events giving rise to this claim occured.

PLAINTIFF'S AND DEFENDANTS

(1)

3. Plaintiff, Jeremy Ned, is and was at all times mentioned herein a prisoner of the BOP. He is currently in FCI Beaumont Medium, In Beaumont, Texas.

<u>DEFENDANT'S</u>

(2)

4. Defendant'S, J. Rardin is the Assistant Warden. He is legally responsible for my safety while under his custody, care and management, at all times mentioned. He was acting under Color of Federal Law.

(3)

5. Defendant's, John Doe at all times mentioned herein names are unknown, but will be added later during discovery and they are legally responsible for the safety of Plaintiff and other inmates confined in FCI Loretto, while under their custody and care.

6. Defendant, S. Eckenrode is a Correctional Officer of FCI Loretto, at all times mentioned in this complaint, held the rank of Officer in Charge of SHU. and he is responsible for Plaintiff's safety and welfare.

7. Defendant, J. Miller is a lieutenant at FCI Loretto, whom I also informed that I was being threaten a inmate. But failed to recognize Plaintiff's serious need for protection. He is being sued in his individual and official capacity for failing to protect Plaintiff. Each defendant is being sued individually and in their official capacity and at all times mentioned herein. Each defendant acted under The Color of Federal Law.

## FACTS OF CASE
(4)

8. On September 10, 2014, I Jeremy Ned Inmate Number 27986-077 inform Officer S. Eckenrode who was the head Shu Officer when I informed him, I had a problem. I informed him that my cell-mate, who is inmate Norris Jackson was trying to sexually assault me. I let the Officer know that I needed to be moved out of that cell. Officer Eckenrode came back to my cell about 9:30pm and said to me his shift was about to end, but he would leave the cop-out I gave him for the next shift for the following day and inform them to move me. I never seen or heard from Officer S. Eckenrode again. The next day I saw Lt. J. Miller doing rounds in the Shu and I gave him a cop-out as well stating the same thing i'd wrote to Officer S. Eckenrode. At which which point he said he would have a talk with the Shu Officers about moving me. He never returned and about a few hours later the Assistant Wardin, J. Rardin came down the range and I too gave him a cop-out stating the same thing I wrote to Officer S. Eckenrode and Lt. J. Miller. Assistant Wardin J. Rardin also never came back. Then on September 12, 2014 at around 5 to 6 AM I was assualted by my cell-mate, Norris Jackson, who attempted to Sexually Assault me. I had to fight for my life. Soon after this Incident I tried to solve this problem through the Administrative Remedy Program which also failed.

## EXHAUSTON OF LEGAL REMEDIES
(5)

9. Jeremy Ned used the prisoner grievance procedure available at FCI Berlin to try and solve the problem. On or about December

Page 3.

of 2014 Jeremy Ned presented the facts relating to this complaint

## 1983, 1985, CAUSES OF ACTIONS
## FIRST CAUSE OF ACTION

(6)

10. Plaintiff asserts the fact that on September 12, 2014, Defendant, John Doe, along with John Doe's (2)(3) and officer S. Eckenrode, including Defendant Lt. J. Miller and Assistant Wardin J. Rardin did wantonally, wilfully, deliberately, intentionally and with malicious intententer into concert and collusion, for the purpose of conspiring to violate Plaintiff's equal privledges and protections of the laws. When they recklessly disregarded Plaintiff's safety, by allowing and encouraging inmate Norris Jackson to kick, stomp, beat and attempt to rape or sexually assault Plaintiff. SEC. 42 U.S.C. 1983, 1985, 8th Amend. U.S. Const.

## SECOND CAUSE OF ACTION

(7)

11. Plaintiff asserts and maintains the fact, that the Defendants knew and did know that, they were aware of facts from which an inferance of excessive risk to the Plaintiff's health and safety could be drawn, and they actually drew an inference. That such potential for extreme harm existed for Plaintiff because they encouraged and allowed Norris Jackson a sick sexual predator to plunder and selfishly exploit inmates sexually throughout the prison. Which clearly evince wanton disregard and callous indifference for Plaintiff's safety and other inmates as well. 8th Amend. U.S. Const. Farmer v. Brennan, 511 U.S.825

## THIRD CAUSE OF ACTION

(8)

12. Plaintiff reiterates and reasserts the fact. The Defendant knew and did know that Norris Jackson was a vicious animal and sexual predator, because Plaintiff had made them aware of his predacious behavior. But they deliberately refused to prevent this uncivilized beast from preying on Plaintiff and other inmates. In violation of 18 U.S.C. SEC. 4042, 42 U.S.C. 1986, 5th, 8th, and 14th Amend. U.S. Const.

## RELIEF

(9)

13. Plaintiff has no adequate panacea to redress the wrongs and irreparable harm done to him by the conduct of the Defendants and asks this Court to Grant him the following relief he seeks. Which is, A declaration that the acts and ommisions described herein violated Plaintiff's rights under the Constitution and laws of the United States.

Compensatory damages in the amount of $100,000.00 against each Defendant, jpintly and severally.

Punitive damages in the amount of $100,000.00 against each Defendant for comitting these evil, malicious and sadistical acts.

Plaintiff's cost in this suit, and any additional relief Court deems just, proper and equitable.

Dated: 11-22-2016

Respectfully submitted,

*Jeremy Ned 27986-077*
JEREMY NED 27986-077
FCI BEAUMONT MEDIUM
P.O. BOX 26040
BEAUMONT TEXAS 77720

## VERIFICATION

I, JEREMY NED, have read the foregoing complaint and hereby verify that the matters alledged hterein are true, except as to matters alledged on information and belief, and as to those , I believe them to be tru. I certify under penalty of purjury that the foregoing is true and correct.

                                    Executed at Erie Pennsylvania

                                    *Jeremy Ned 27986-077*
                                    JEREMY NED 27986-077
                                    FCI BEAUMONT MEDIUM
                                    P.O. BOX 26040
                                    BEAUMONT TEXAS 77720

c/c Filed

## CERTIFICATE OF SERVICE

I, JEREMY NED, FEDERAL NUMBER: 27986-077, Petitioner, Pro se, do hereby certify to 28 U.S.C. § 1746, that on this 23rd day of November, 2016, I have placed a true and correct copy of the foregoing Amended Complaint as Ordered by the Court. in the legal mail system for prisoners located herein at the Beaumont Medium Federal Correctional Institution, to be forwarded to the foregoing party(s):

ROBERT V. BARTH JR.

DISTRICT CLERK

U.S. COURTHOUSE

17 S. PARK ROW, ROOM A_150

ERIE PA. 16501

Respectfully,

*Jeremy Ned 27986-077*
JEREMY NED 27986-077
FCI BEAUMONT MEDIUM
P.O. BOX 26040
BEAUMONT TEXAS 77720

c/c Filed