IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEREMY NED,
    Plaintiff,
    v.
J RARDIN, et al.,
    Defendants

Case No. 3:16-cv-251-KRG-KAP

Memorandum Order

This matter was referred to Magistrate Judge Keith A. Pesto for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C.§ 636, and Local Civil Rule 72.

The Magistrate Judge filed a Report and Recommendation on January 31, 2019 at ECF no. 36, recommending that the defendants' motion for summary judgment at ECF no. 30 be granted.

The parties were notified that pursuant to 28 U.S.C.§ 636(b)(1), they had fourteen days to file written objections. Plaintiff filed what was docketed as objections at ECF no. 37 that asked for more time to file objections, and timely objections at ECF no. 38. I have reviewed the objections *de novo* and reject them.

Plaintiff never alleged that his cellmate assaulted him before September 12, 2014. He abandons the allegations of his complaint that prior to the altercation between plaintiff and his cellmate he told the defendants that his cellmate "was trying to sexually assault him" and alleges only that on September 10 and 11, 2014, he orally and in writing informed corrections officers in the SHU that he and his cellmate "were not getting along and that Plaintiff needed to move." ECF no. 34 at 2, see also id. at 4.

To have a viable deliberate indifference claim under Farmer v. Brennan, 511 U.S. 825, 837 (1994), plaintiff must show there is a genuine dispute about "facts from which the inference

could be drawn that a substantial risk of serious harm exists, and [that defendant drew] the inference." The medical record that plaintiff attached to his complaint indicating that plaintiff after the altercation had a "superficial" scratch on his shoulder, several "superficial" scratches on his face, and a 2"x2" area on his back with "superficial" scratches. ECF no. 3, Exhibit 1. The only evidence before the fact, however, is that there was a claim that two cellmates were not getting along. ECF no. 34 at 2, 4. This is insufficient to show genuine disputes of fact that a substantial risk of serious harm existed or that any defendant drew the inference that such a risk existed.

After *de novo* review of the record, the Report and Recommendation, and the timely objections thereto, the following order is entered:

AND NOW, this 21st day of March, 2019, it is

ORDERED that the defendants' motion for summary judgment, ECF no. 30, is granted. The Report and Recommendation at ECF no. 36, as supplemented herein, is adopted as the opinion of the Court. The Clerk shall mark this matter closed.

BY THE COURT:

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE

Notice to counsel of record by ECF and by U.S. Mail to:

Jeremy Ned, Reg. No. 27986-077
F.C.I. Mendota
P.O. Box 9
Mendota, CA 93640